**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**SERINA WASHINGTON**                                                                             **PLAINTIFF**

**v.**                                            **Case No. 4:19-cv-00698-LPR**

**AMAZON.COM SERVICES, INC.**                                         **DEFENDANT**

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court is the Parties' Motion for Entry of Agreed Confidentiality and Protective Order (Dkt. No. 18). Pursuant to the agreement by the parties and Federal Rule of Civil Procedure 26(c), the Court grants the motion for a protective order.

The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information (including deposition testimony) and documents (including documents stored in any electronic format) which may be discovered in this case. The parties agree that the confidentiality of such information and documents shall be preserved under the terms of this Confidentiality and Protective Order. Accordingly, **IT IS THEREFORE ORDERED**:

1.     **Scope.** All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by the producing party. CONFIDENTIAL information falls within one or more of the following categories: (1) non-public proprietary or confidential business information that would not be available to the public or third parties outside the context of this litigation; or (2) personnel or employment records containing private information of a person who is not a party to the case. HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information is any information the disclosure of which could cause substantial risk of serious harm to the disclosing party that could not be avoided by any less serious means.

2. **Designation.**

   (a) A party may designate a document as Confidential Information or Highly Confidential-Attorneys' Eyes Only for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by

statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this Order.

3. **Protection of Confidential Material.**

(a) General Protections. Information marked "CONFIDENTIAL" shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Information marked "ATTORNEYS' EYES ONLY" shall not be used by or disclosed to any person other than counsel for the Parties or the Court and it's staff for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b) Limited Third-Party Disclosures. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(7).

        Subject to these requirements, the following categories of persons may be allowed to review information marked "CONFIDENTIAL":

        (1)    Counsel for the Parties and employees, clerks, paralegals, and/or contract attorneys utilized by counsel who have responsibility for the action;

        (2)    Defendant, by and through its corporate representatives;

        (3)    Plaintiff;

        (4)    The Court and its personnel;

        (5)    Court Reporters and Recorders engaged for depositions;

        (6)    Consultants, investigators, or experts retained by the Parties or counsel for the Parties to assist in the preparation and trial of this action; and

        (7)    Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

    (c)    Control of Documents.  Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

4.    **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document.  If a party designates a document as Confidential Information after it was initially produced, it must also provide a copy of that document appropriately marked as Confidential pursuant to Paragraph 2 above.  Thereafter, the receiving

party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

5. **Filing of Confidential Information.**  Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court.  When filing a motion, the filing party must request leave of the Court to file the motion under seal.  This protective order does not automatically extend to evidence introduced at trial.  The confidentiality of trial evidence will be determined in a separate inquiry closer to trial.

6. **No Greater Protection of Specific Documents.**  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

7. **Challenges by a Party to Designation as Confidential Information.**  The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

   (a) Notice.  A party challenging the designation of Confidential Information may, at any time, serve upon counsel for the designating party a written

     notice of objection to the designation. Such notice may be served by electronic mail and shall identify by Bates numbers the document for which the designation is challenged.

  (b) Meet and Confer. Within five (5) business days of notice of a challenge to designation of a document or documents as confidential, the Parties shall meet and confer. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.

  (c) Judicial Intervention. If no agreement has been reached after the Parties have conferred, the Parties may, within ten (10) business days after the date of the Parties' meeting, electronically file on the docket a Consolidated/Joint Discovery Statement outlining their positions in compliance with Local Rule 7.2(g). If, however, the disputed information is included in the filing, the Parties must request leave of the Court to file the motion under seal. If no Consolidated/Joint Discovery Statement is filed under this section, the information will cease to be treated as confidential. If such a Statement is made under this section, all Parties shall continue to treat the materials as Confidential Information under the terms of this Order until the Court rules on the relevant issue.

8. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. To the

extent a motion attaches or includes the confidential information, the moving party must request leave of the Court to file the motion under seal. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

9. **Obligations on Conclusion of Litigation.**

   (a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   (b) Obligations at Conclusion of Litigation. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information, including documents marked "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" under this Order, including copies, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

   (c) Retention of Work Product and One Set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain the following: (1) attorney work product, including an index that refers or relates to designated Confidential Information so long

as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set (including such electronic backups of the set as may protect against its loss) of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order.

(d) Deletion of Documents Filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

10. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

11. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

12. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED, this 1st day of July 2020.

_____
HONORABLE LEE P. RUDOFSKY
UNITED STATES DISTRICT COURT JUDGE